UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| BRIAN WAMPNER, | ) |
|         Petitioner, | ) |
| vs. | ) Case No. 2:14-cv-00254-WTL-WGH |
| STANLEY KNIGHT, | ) |
|         Respondent. | ) |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Brian Wampner for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. ISF 14-05-0155. For the reasons explained in this Entry, Mr. Wampner's habeas petition must be **denied**.

## I.  Overview

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II.  The Disciplinary Proceeding

On May 8, 2014, Internal Affairs Officer J.R. Smith filed a Report of Conduct that charged Mr. Wampner with class B offense 216, sexual conduct. The Report of Conduct states:

> ON 5-8-2014, RECORDED VIDEO VISITATION FILES WERE REVIEWED. DURING THE REVIEW PROCESS, THE VIDEO VISIT BETWEEN OFFENDER BRIAN WAMPNER #978466 AND VISITOR MELINDA MEYER THAT OCCURRED ON 4-28-14 CLEARLY SHOWS THE VISITOR FONDLING HER BREAST DURING THE FOLLOWING TIMES DURING THE VISIT. AT 4:11, 6:59, 7:27, 7:37, 10:48, 18:28, AND 24:52 INTO THE VISIT. AT 4:52 INTO THE VISIT, THE VISITOR IS SEEN FONDLING HER CROTCH AREA. AT 5:14 INTO THE CALL, OFFENDER WAMPNER TELLS THE VISITIR [SIC] TO "PULL THEM TIGHT SO I CAN SEE IT." THE VISITOR THEN STANDS UP AND IS SEEN PULLING HER PANTS TIGHTLY IN THE CROTCH AREA. AT 5:41 INTO THE CALL, OFFENDER WAMPNER TELLS THE VISITOR TO "GO INTO THE OTHER ROOM AND TAKE OFF YOUR BRA. THE VISITOR LEAVES THE ROOM AND RETURNS AND CLAIMS SHE IS NOT WEARING BRA.

Mr. Wampner was notified of the charge of class B offense 216 when he was served with the Report of Conduct and the Notice of Disciplinary Hearing.  Mr. Wampner was informed of his rights, pled not guilty, indicated his desire to have a lay advocate, and noted that he did not want to call any witnesses or request any physical evidence.

The hearing officer conducted a disciplinary hearing on May 14, 2014. Mr. Wampner's comment was that "the CAB isn't a lie, I don't want to lose my visits." The hearing officer found Mr. Wampner guilty of class B offense 216, sex acts. In making his decision, the hearing officer relied on the conduct report, the offender's statement, and the photographs, which were made from the video recording of the visitation. The reason given for the decision was because the hearing officer believed the conduct report to be true. The recommended and approved sanctions included a written reprimand, a 30-day J-Pay restriction, and the deprivation of 30 days of earned credit

time. The hearing officer imposed the sanctions because of the seriousness and the nature or frequency of the offense.

Mr. Wampner's appeals through the administrative process were denied. He now seeks relief pursuant to 28 U.S.C. § 2254, arguing that his due process rights were violated.

### III.  Analysis

Mr. Wampner's claims for habeas relief are: 1) the screening officer referred to the code 216 offense as "sex act" rather than "sexual conduct" on the Notice to Lay Advocate/Witness; 2) he did not encourage his visitor to fondle herself but she did so to tease him; and 3) the Report of Conduct was not signed by the immediate supervisor of the reporting officer.

Mr. Wampner's first and third claims do not amount to violations of his due process rights. To the extent he argues that the term "sex act" was used instead of "sexual conduct," the name did not prevent him from defending the charge. "Sexual conduct" was the charge listed on the conduct report, a copy of which Mr. Wampner received. A Class B 216 "sexual conduct" offense prohibits an offender from "[m]aking an explicit request, hiring, or coercing another person to have sexual contact." Mr. Wampner has shown no prejudice from this irregularity. *See Jones v. Cross*, 637 F.3d 841, 846(7th Cir.2011) (absent prejudice, any alleged due process error is harmless error).

Mr. Wampner's claim that the conduct report was not signed by an immediate supervisor is apparently based on an Indiana Department of Correction ("IDOC") policy. Habeas corpus relief cannot be based upon a violation of the rules and procedures of the IDOC or other state law. *Estelle v. McGuire*, 502 U.S. 62, 68 at n.2 (1991) ("state-law violations provide no basis for federal habeas review."); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (violations of the Indiana Adult Disciplinary Policy Procedures do not state a claim for federal habeas relief); *Keller v.*

*Donahue,* 2008 WL 822255, 271 Fed.Appx. 531, 532 (7th Cir. Mar. 27, 2008) (an inmate "has no cognizable claim arising from the prison's application of its regulations.").

Mr. Wampner's final claim that he did not encourage his visitor to fondle herself is in essence a challenge to the sufficiency of the evidence. The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999).

In this case, the conduct report provided sufficient evidence to support the charge of sexual conduct. The conduct report reflects that Mr. Wampner did, in fact, tell the visitor to pull her pants tight and remove her bra. As noted above, Mr. Wampner did not even deny the facts alleged in the conduct report. There was sufficient evidence in this case.

Mr. Wampner was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the finding of guilt. Under these circumstances, there were no violations of Mr. Wampner's due process rights.

## IV.  Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings. Accordingly, Mr. Wampner's petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:  10/8/15

_William T Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

Brian Wampner
#978466
Putnamville Correctional Facility
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135-9275

Electronically registered counsel